FILED
2006 OCT 17 AM 8:22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABUWI MAHDI,<br><br>  Petitioner,<br>vs.<br><br>JEANNE WOODFORD, Acting Secretary.,<br><br>  Respondent. | CASE NO. 05 CV 1611 JM (NLS)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition, arguing that Petitioner had not exhausted his state court remedies and asking the court to order Petitioner to clarify his claims. On March 20, 2006, United States Magistrate Judge Nita Stormes issued a Report and Recommendation ("R&R") recommending that this court deny Respondent's motion to dismiss. The court adopted that R&R in its entirety on May 17, 2006 and ordered Respondent to answer the petition.

After Respondent answered and Petitioner filed his traverse, Judge Stormes issued a second R&R on August 4, 2006, this time addressing the merits of the petition. Petitioner filed timely objections. For the reasons set forth below, the court wholly adopts the conclusions and findings contained in the second R&R incorporated by reference herein.

1    The duties of the district court in connection with a magistrate judge's R&R are set forth in the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980). Having conducted a de novo review of the papers submitted, the court finds the R&R presents a thorough and sound analysis of the issues raised by the parties. The R&R properly found that Petitioner's constitutional rights were not violated when his probation was revoked and the state ordered immediate execution of a five-year prison term previously imposed.

Petitioner objects to the R&R's reference to Dr. DiFrancesca, a board-certified psychologist, in the portion of the R&R addressing Petitioner's ineffective assistance of counsel claim. Objections to R&R at 5. Petitioner argues that Dr. DiFrancesca's assessment that Petitioner was suffering from a delusional order at the time of his state proceedings was a "bogus and fictitious evaluation of Petitioner" and therefore this court should not consider Dr. DiFrancesca's evaluation in determining whether Petitioner is in fact delusional. Id. This objection has no merit. The issue here is whether Petitioner was denied his constitutional right to effective assistance of counsel. When counsel filed the appellate brief claiming Petitioner was delusional, Petitioner's counsel relied not only on the evaluation of Dr. DiFrancesca–a board-certified psychologist–but also on other evidence that corroborated Dr. DiFrancesca's assessment. Therefore, Petitioner cannot show that his counsel's performance was constitutionally deficient. All of Petitioner's other objections are also rejected since they do not present any new arguments not already addressed in the R&R.

//
//
//
//

Accordingly, the court **ADOPTS** in whole the findings and conclusion contained in the second R&R, which is incorporated herein by reference.

**IT IS SO ORDERED.**

DATE: 10/16 , 2006

JEFFREY T. MILLER
United States District Judge

cc: all parties
    Magistrate Judge Stormes

05cv1611 Mahdi RR.wpd